UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ISABELLE ZAPAROLLI,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN AIRLINES GROUP INC.,<br><br>    Defendant. | Case No. 15-cv-02095-LB<br><br>**ORDER RE LIMITED-DUTY EMPLOYEES**<br><br>Re: ECF Nos. 46 and 47 |

The parties filed updated discovery briefs about employees with lifting restrictions. (*See* ECF Nos. 46 and 47.[1])

Rule 26(b)(1) of the Federal Rules of Civil Procedure describes the basic scope of:

> Parties may obtain discovery regarding any nonprivileged matter that is ***relevant*** to any party's claim or defense and ***proportional to the needs of the case***, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b).[2] Applying this standard, and for the reasons stated previously on the record

---

[1] Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of documents.
[2] The main text sets out the current version of Rule 26(b), which was amended effective December

ORDER (No. 15-cv-02095-LB)

and in the order at ECF No. 45, the court will consider whether short depositions of CSAs Elizabeth Shumate and Cynthia Pugliaresi are appropriate. Given that they are on medical leave, the court is not certain what burdens might exist that might affect the court's assessment of whether the depositions are proportional to the needs of the case. Moreover, the court does not have information about what documents American Airlines already produced and what more it might produce under a protective order that might obviate the need for a deposition and also affect the court's proportionality inquiry.

Under the circumstances, the court directs the parties to confer, and if they cannot agree on an approach, offer their best compromises in a short updated discovery brief.

**IT IS SO ORDERED.**

Dated: April 5, 2016

_____
LAUREL BEELER
United States Magistrate Judge

---

1, 2015. "[I]t is well established that a court generally applies the law in effect at the time of its decision, and that if the law changes, . . . the . . . court applies the new rule." *Lambert v. Blodgett*, 393 F.3d 943, 973 n. 21 (9th Cir. 2004) (citing *Thorpe v. Durham Hous. Auth.*, 393 U.S. 268, 281 (1969)).

ORDER (No. 15-cv-02095-LB)   2